IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WALTER A. SOKOL, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 20-616 |
| ) | |
| v. ) | Judge Cathy Bissoon |
| ) | |
| LOUIS DEJOY, *Postmaster General*, ) | |
| *United States Postal Service*, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

### I. MEMORANDUM

Plaintiff Walter A. Sokol alleges that he was unlawfully terminated from his employment as a carrier with the United States Postal Service ("USPS"). Plaintiff alleges the termination was the result of retaliation under Title VII of the Civil Rights Act of 1964 and/or discrimination based on age under the Age Discrimination and Employment Act ("ADEA"). See generally Amended Complaint ("Complaint") (Doc. 6). On August 2, 2021, Defendant filed a Motion for Summary Judgment ("Motion") (Doc. 28). For the reasons below, Defendant's Motion will be granted.

Although the Court cannot, and will not, construe inferences in the movant's favor, there is no evidence that demonstrates Plaintiff's claims, nor has he meaningfully refuted any of the proffered non-discriminatory, legitimate bases for Defendant's decision to terminate his employment.

To bring an age discrimination case under the ADEA, "a plaintiff must show that his or her age 'actually motivated' and 'had a determinative influence' on the employer's decision to

fire him or her."  Fakete v. Aetna, Inc., 308 F.3d 335, 337 (3d Cir. 2002) (internal citations omitted).

Plaintiff was 53 years old as of the time of his termination in November 2011. Defendant's Concise Statement of Facts (Doc. 30) ("SOF") at ¶¶ 1, 123; Plaintiff's Counter Statement of Facts (Doc. 32) ("CSOF") at ¶¶ 1, 123.  Plaintiff's Complaint alleges that "Management sought to enforce non-existent regulations, regulations against SOKOL, not ever enforced against other, younger, employees…."  Complaint at ¶ 9(g).  Ronda Lavezoli, Plaintiff's supervisor, made the decision to terminate Plaintiff's employment after he had used unauthorized overtime and failed to follow supervisor instructions.  SOF ¶¶ 5, 115; CSOF ¶¶ 5, 115.[1]  Plaintiff never discussed his age with Lavezoli, nor did she ever bring it up.  SOF at ¶ 11; CSOF at ¶ 11.[2]  To the extent Plaintiff attempts to show discrimination based on comparator

---

[1] Plaintiff's Counter Statement of Facts do not conform to the local rule governing summary judgment proceedings, which require respondents to file a responsive concise statement of facts, which admits or denies whether each fact in the moving party's statement of facts is undisputed and/or material, and sets forth the basis for any denial with an appropriate citation to the record, *i.e.*, a citation to a particular pleading, deposition, answer to interrogatory, admission on file or other part of the record.  LCvR 56.C.1.  Consistent with the local rule, "[a]lleged material facts set forth in the moving party's Concise Statement of Material Facts or in the opposing party's Responsive Concise Statement, which are claimed to be undisputed, will for the purpose of deciding the motion for summary judgment be deemed admitted unless specifically denied or otherwise controverted by a separate concise statement of the opposing party."  LCvR 56.E.  In this instance, with respect to ¶ 5, Plaintiff's CSOF indicates that there was a chain of command, but does not dispute that Lavezoli was Plaintiff's supervisor.  The CSOF indicates that she was a "new Supervisor Oct. 2011 (just shortly before SOKOLK [sic] termination) Supervisor "at times", [sic] had little contact with SOKOL."  The Court construes this to mean Defendant does not deny Lavezoli was Plaintiff's supervisor at the time of termination (November 2011).  With respect to ¶ 115, the CSOF does not directly refute the facts but claims that Plaintiff had no prior disciplinary events and that the Agency disregard progressive discipline, without pointing to any source.  Given this, the facts in the SOF will be deemed admitted.

[2] In this particular instance, the CSOF does not admit or deny the fact offered, and instead includes this unsupported statement: "If LAVESOLI participated in SOKOL's termination without inquiring about the facts of the case, she engaged in management malpractice."  Thus, because this denial was not properly supported, Defendant's fact will be deemed admitted.  The

2

evidence, this also fails. Lavezoli disciplined younger carriers for the same general categories of conduct for which she disciplined Plaintiff, including for improperly expanding street time (using more time than authorized on deliveries). See, e.g., SOF ¶¶ 155-157, 168-169, 185-186.[3] The record facts do not demonstrate age discrimination.[4]

With respect to any alleged retaliation, there is no indication that Lavezoli knew about Defendant's prior EEO activities and, therefore, could not have terminated him because of them. See Iyer v. Everson, 238 F. App'x 834, 837 (3d Cir. 2007) (granting summary judgment because plaintiff failed to establish that official knew about his prior protected activity); SOF ¶¶ 9-10.[5] Plaintiff also claims that others in management—Station Manager Joseph Haines and Area Manager James Diulus—had animosity towards him and speculates that they may have directed Lavezoli to fire him, but Plaintiff's speculation is not evidence. SOF ¶¶ 128, 139-140.[6] Moreover, Plaintiff has not established that either one of them knew about his prior EEO activities and admitted that he cannot recall anything any manager said to him that referenced an EEO complaint. SOF ¶¶ 19, 135, 137.[7]

---

Court will utilize the same approach in other instances where Plaintiff appears to deny an offered fact, but not properly reference the record to support its denial.

[3] The CSOF does not specifically rebut the instances of discipline in the employment history of other employees, but points to differences in the severity of discipline or other differences between Plaintiff and other employees, with no citation to the record.

[4] In addition, Plaintiff has failed to exhaust administrative remedies with respect to his age discrimination because he withdrew that claim during a 2019 EEOC hearing. SOF ¶ 190. Plaintiff "accedes that the EEOC judge did not consider the ADEA issue." CSOF ¶¶ 187-193. Plaintiff's opposition materials contain no argument to the contrary. See Doc. 35. Plaintiff's failure to exhaust means Defendant is entitled to summary judgment for this additional reason. See Green v. Potter, 687 F. Supp. 2d 502, 516 (D.N.J. 2009), aff'd sub nom. Green v. Postmaster Gen., 437 F. App'x 174 (3d Cir. 2011)); Barzanty v. Verizon PA, Inc., 361 F. App'x 411 (3d Cir. 2010).

[5] The CSOF does not give a response to ¶¶ 9-10.

[6] The CSOF does not refute the facts alleged but includes commentary and argument.

[7] The CSOF responds to ¶¶ 19, 134-137 with a reference to a statement made by Diulus regarding him not making the same mistakes Haines did, and that when he fires a carrier, it

In sharp contrast to the lack of evidence supporting Plaintiff's theories of discrimination and retaliation, there is extensive evidence on the record of the legitimate, non-discriminatory reasons for Plaintiff's termination.  See Sarullo v. U.S. Postal Serv., 352 F.3d 789, 799-800 (3d Cir. 2003) (a plaintiff may "defeat a motion for summary judgment by providing evidence that would allow a fact finder reasonably to (1) disbelieve the employer's articulated legitimate reasons; or (2) believe that an invidious discriminatory reason was more likely than not the motivating or determinative cause of the employer's action.") (internal citations and quotations omitted).

Defendant utilized a progressive disciplinary model.  SOF ¶ 61; CSOF ¶ 61.[8]  Plaintiff had serious issues performing and listening to supervisors.  The month before he was terminated, Plaintiff refused to answer basic questions posed to him by supervisors and refused to listen to supervisor instructions.  For example, when reminded by a supervisor, Dale Walker, that Plaintiff had to take lunch within six hours of starting work, Plaintiff stated, "I'm on lunch.  I'm not talking to you."  SOF ¶ 71.[9]  When instructed by Walker to stop placing multiple rubber bands on pre-sorted mail because it was time-wasting practice, Plaintiff did not comply, and Plaintiff also acknowledged on the record that he told Walker that he was stupid.  SOF ¶¶ 76;

---

sticks.  Plaintiff contends that this is a direct reference to prior EEO actions, but Defendant indicates in its SOF that Diulus stated that this was in reference to mistakes management had made in prior terminations, and was a statement made in response to Plaintiff stating that many people had tried to fire him before and discipline was "just another paid vacation."  See SOF ¶ 134.  Plaintiff has provided no support for the theory that this statement was about prior EEO action, other than Plaintiff's subjective belief.

[8] The CSOF contains extraneous information in its counterstatement but appears to admit that "the USPS has a protocol of progressive discipline, building on prior discipline."

[9] The CSOF at ¶ 71 argues that Walker was advancing a "non-existent" lunch break related rule but does not otherwise refute this fact.

81.[10]  Plaintiff requested overtime or used unauthorized overtime to deliver his route many times in the weeks before he was terminated.  See, e.g., SOF ¶¶ 88, 90-91, 93-98.[11]  Plaintiff acknowledged there were many times he did not return to the office within the amount of time allotted to him in October and November of 2011.  SOF ¶ 113; CSOF ¶ 113.[12]  Yet when Plaintiff was supervised, he completed deliveries on time unlike the days he was not supervised.  SOF ¶ 112.[13]  Supervisors held pre-disciplinary interviews (PDIs) with Plaintiff on October 8 (SOF ¶ 85); November 1 (SOF ¶ 99); November 2 (SOF ¶ 104); November 3 (SOF ¶ 105); and November 9 (SOF ¶ 110).[14]  During each of these interviews, the supervisor informed Plaintiff that the meeting was a PDI and that discipline could result.  SOF ¶ 114.[15]

Thus, Plaintiff cannot establish that the legitimate nondiscriminatory and non-retaliatory reasons for his termination were a pretext for unlawful discrimination or retaliation.  See Sarullo v. U.S. Postal Serv., 352 F.3d 789 (3d Cir. 2003).[16]

---

[10] The CSOF at ¶ 76 indicates that Plaintiff protested the "merit-less rubber band claim" but does not otherwise refute this fact.

[11] The CSOF does not refute these facts with respect to Plaintiff's actions and requests, but adds extraneous information and commentary, including arguing that the Agency has not provided mobile collection device data to prove that Plaintiff was dawdling.

[12] Plaintiff admits this on the record.  The CSOF adds additional commentary that he did not admit he was at fault or dawdling.

[13] The CSOF at ¶ 112 does not refute the fact and concedes that Lavezoli concluded that Plaintiff could complete his route in 8 hours and was not overburdened.

[14] The CSOF does not dispute that the PDIs happened but includes additional commentary or legal argument with respect to each PDI.  The Court accepts that these PDIs happened, based on the fact that Plaintiff has not refuted these facts, and because the record provides Exhibit PDI Forms documenting each encounter, namely Exhibits 15, 35, 24, 25, 26.

[15] The CSOF at ¶ 114 does not refute the fact but includes argument that the sheer number of PDIs was "a discrimination violation in itself because the Agency cannot demonstrate any other employee upon whom they ran up PDI's (and terminations) like they did on SOKOL."

[16] In opposing Defendant's motion for summary judgment, Plaintiff responded with an opposition brief of a single paragraph, pointing to the legal arguments he had improperly incorporated into his Counter Statement of Facts.  See Doc. 35.

## II.   ORDER

Consistent with the foregoing, the Court finds Defendant is entitled to summary judgment, and its Motion (**Doc. 28**) is **GRANTED**.

IT IS SO ORDERED.


March 7, 2022                                                              s\Cathy Bissoon
                                                                                         Cathy Bissoon
                                                                                         United States District Judge


cc:

All Counsel of Record